WHELCHEL ET AL. *v.* BARTON.

[No. 18,222. Filed January 17, 1952.]

*Lee B. Fidler,* of Anderson, *Campbell, Campbell* and *Malan,* of Noblesville, for appellants.

*Lawrence C. Cloe,* of Noblesville, for appellee.

ROYSE, J.—Appellants brought this action in replevin to recover the possession of certain personal property from appellee. Upon the issues formed by the complaint and answer thereto the cause was tried to the court. At the conclusion of appellants' evidence the trial court sustained appellee's motion for judgment in his favor. Judgment that appellants take nothing and appellee recover his costs.

The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion are: The decision is not sustained by sufficient evidence and is contrary to law; error in sustaining appellee's motion for judgment in his favor; and because of accident and surprise occurring during the trial appellants were prevented from having a fair trial.

This requires a consideration of the evidence. The facts may be summarized as follows: For some time prior to January 10, 1949 appellants owned and operated a dry cleaning business in the city of Noblesville. In the operation of that business they owned and used all of the personal property that is the subject of this action. On said last mentioned date they entered into a written conditional sales contract to sell said property to appellee. The contract upon which this action is based described the property sold as "The equipment, inventory, fixtures, good will, and work in process of the B. & G. Cleaners, Noblesville, Indiana." It provided the cash price was $6,000 of which $2,000 was paid at the time the contract was executed and balance of $4,000 plus $960 finance charges was to be made in forty-eight monthly installments of $103.35, the first

payment to be due April 15, 1949. Appellee executed his promissory note for said sum as evidence of such indebtedness. Title to said property was ,to remain in appellants until the full purchase price, etc. was paid. Time was made the essence of the contract. There was the usual provision in case of default by appellee.

The appellant Robert Whelchel was the only witness in this case. In their brief under "Concise Statement of the Evidence" appears the following statement in reference to the property involved in this action:

"I think that it was in August, 1947 that we opened the dry cleaning business here in Noblesville, at No. 57 South Sixth Street. We operated that business sixteen months. In operating that business we had there a boiler, pump to pump water into the boiler, stoker, dry cleaning machine, consisting of a washer, extractor and tumbler all in one unit, press to finish clothes, buff iron for the same thing, that was four irons in two pieces, a hand iron, a spray gun, a spotting board, besides a desk, cash register, electric lights and equipment for the electric lights. The billing machine and register was in one unit. A sewing machine, a half ton International panel truck, and a space heater. On January 10th, 1949, all of those articles· belonged to me and my wife and we sold it to Mr. Barton."

Appellee took possession January 15, 1949. It is undisputed that the original written contract entered into on January 10, 1949 was, by mutual agreement, supplanted and substituted by another written agreement about March 15, 1949. This substituted contract was, by agreement of the parties, dated back to January 10, 1949. Apparently the only difference in this contract was a reduction in amount of the monthly payments. The note is also dated January 10, 1949. On direct-examination the witness testified appellee had paid nothing on the principal, but that he made one payment

of $40 for two months' interest. Significantly the note and contract did not provide for the payment of interest. There was a finance charge added to the balance due after the cash payment. On cross-examination the witness admitted he received and cashed a check dated January 11, 1949 from appellee for a *$300 payment on this contract*. The question and answer which elicited this information is as follows:

"Q. Then you did receive in addition to the two thousand dollars which you received less the broker's commission the sum of $340.00 from James Barton on this contract before May 18, 1949, is that right?
"A. Yes, I received it before May.

On re-direct examination appellants in their brief quote the witness as saying:

"There was some difficulty at the time this contract was entered into in reference to the down payment. That *$300.00 check was given the day after the date on the contract*. It was over the truck. The truck was added onto the contract, but I wasn't going to take that much money for the cleaning plant, truck and all at $6,000.00 and there was a difference of that much which went into the contract. That is the balance that the contract speaks for. That made that much difference in it and Jim gave me that check as the difference. That check is a *part of the down payment which was $2,300.00 instead of $2,000.00*. $2,000.00 of it went through Stovall and I got the $300 from Barton." (Our emphasis.)

Appellants contend the foregoing facts show appellee was in default in the two installments of $103.35 due April 15th and May 15th, 1949; that the evidence shows the $300 was not to be applied on the monthly payments.

In their complaint appellants, in itemizing the property they sought to recover, listed an International truck. The written contract which they introduced in evidence to sustain their claim was clear, definite and unambiguous. In 17 C. J. S. p. 1244, §597, it is stated, in part:

"Where there is no imperfection or ambiguity in the language of a contract, and it contains no technical terms of art, science, or trade, it will be considered as containing the entire and exact meaning of the parties. In such case the court needs the assistance of no extrinsic evidence to aid in the interpretation of the instrument and none will be received."

We believe the foregoing principle is controlling in this case.

The evidence hereinbefore set out leads inescapably to the conclusion that appellants sold all of the property used in their cleaning business including the truck to appellee under the terms of one written contract. The terms of this agreement could not be varied by parol evidence. Appellant Robert Whelchel admitted the $300 was received on this contract. His testimony indicates the contract upon which he relies was dated back to January 10, 1949, the date of the original agreement. The parties had a right to do this.

There is no merit to appellants' contention that if the $300 check dated January 11, 1949 was to apply on the debt of $4,960 the substituted contract would have reduced the indebtedness by this sum. The answer to that is the contract was dated January 10, 1949 and appellant testified the check was given to him the day after the date of the contract.

It is equally clear to us that the $40 payment was

on the principal of this contract for the reason heretofore referred to that neither the contract nor note provided for interest.

Appellants have failed to show by their evidence that appellee was in default on his contract. Therefore the decision of the trial court was sustained by sufficient evidence, is not contrary to law, and the court did not err in sustaining appellee's motion for a finding and judgment in his favor.

There is no merit to appellants' fourth contention that they were prevented by accident and surprise from having a fair trial. The surprise they refer to under this specification is the testimony on cross-examination of appellant Robert Whelchel in reference to the $300 check. Furthermore, after this evidence was brought out they did not ask the trial court for a continuance.

Judgment affirmed.

Achor, J., not participating.

NOTE.—Reported in 102 N. E. 2d 917.